Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4050 | **DATE** | 2/5/2004 |
| **CASE TITLE** | DSC LOGISTICS, INC. vs. INNOVATIVE MOVEMENTS, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion to dismiss is granted in part and denied in part. Enter Memorandum and Order.**

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | FEB 17 2004 date docketed | |
| | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DSC LOGISTICS, INC.,

    Plaintiff,

v.

INNOVATIVE MOVEMENTS, INC., and
IKE BAKHSH,

    Defendants.

No. 03 C 4050
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff DSC Logistics, Inc. ("DSC") is a supply chain management company that was hired by Solo Cup Company ("Solo") to oversee Solo's logistics and transportation operations. Defendant Innovative Movements, Inc. ("IMI") is a commercial carrier that worked for Solo prior to the transition of the logistics functions to DSC and continued that work with DSC after the transition. Defendant Ike Bakhsh is the managing employee of IMI. The basis of DSC's current suit is an email sent by Bakhsh to Solo in which DSC claims Bakhsh made false and defamatory statements about DSC's business policies, practices, capabilities, and integrity.

Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss DSC's claims regarding defamation *per se*, commercial disparagement, and tortious interference with business expectancy and contractual relations. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the

light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

## I. Defamation *Per Se*

Most of Defendants' Motion to Dismiss is directed at DSC's claims of defamation *per se*. According to Illinois law, a statement made in reference to a corporation is defamatory *per se* if it assails the corporation's financial position, business methods, or accuses the corporation of fraud, or mismanagement. *Geske & Sons v. NLRB*, 103 F.3d 1366, 1373 (7th Cir. 1997). If a statement is deemed defamation *per se*, the plaintiff need not prove actual damages; rather such statements are considered so obviously and materially harmful that injury may be presumed. *Kolegas v. Heftel Broad. Corp*, 607 N.E.2d 201, 206 (Ill. 1992).

DSC claims the following statements made in Bakhsh's email were defamatory *per se*: (1) DSC's "procedures are not only time consuming and costly, but [also] are tedious and repetitious [and] will create errors," (2) Defendants have "only been met with demands for more information; information that has been provided more than once," (3) DSC's practice is "not to pay...invoice[s]," (4) "no rebilling or corrections are accepted" by DSC, (5) Defendants "are not the only ones that have this problem," (6) "there are others who also have full intentions to take legal actions," and (7) DSC has acted in "utter bad faith." These statements are undoubtably criticisms of DSC's business methods and, as such, fall into a category of statements that are defamatory *per se*.

Defendants argue that even if the statements fall into a *per se* category, they are still nonactionable because they have an alternative innocent construction and because they are opinions protected by the First Amendment. Under the innocent construction rule, a statement,

2

taken in its context, that can reasonably be innocently construed is not actionable as defamation *per se*. *Chapski v. Copley Press, Inc.*, 442 N.E.2d 195, 199 (Ill. 1982). However, when the meaning is clear, the courts should not strain to interpret allegedly defamatory words such that they fit with an innocent construction. *Bryson v. News Am. Publs., Inc.*, 672 N.E.2d 1207 (Ill. 1996). Given the email's strongly negative tone, fitting Bakhsh's statements into an innocent construction is next to impossible. Since it would be difficult to read these statements as anything other than criticisms of DSC's business practices, the innocent construction rule does not apply.

Under the First Amendment, statements of opinion are nonactionable even if they fall into a *per se* category. *Hopewell v. Vitullo*, 701 N.E.2d 99, 102 (Ill. App. Ct. 1998). "Opinions and Judgements may be harsh, critical, or even abusive, yet still not subject the writer to liability." *Vee See Constr. Co. v. Jensen & Halstead, Ltd.*, 399 N.E.2d 278, 281 (Ill. App. Ct. 1979). However, a statement is only protected if it cannot be "reasonably interpreted as stating actual facts." *Bryson*, 174 Ill. 2d 77 at 100 (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990)). I find that much of the email's content could reasonably be construed as fact.[1] Therefore, the statements are not entitled to First Amendment protections.

Lastly, Defendants argue that Bakhsh's email is not sufficiently defamatory to warrant damages without proof. There appears to be some disagreement over whether Illinois law requires plaintiffs to overcome an additional sufficiency hurdle after showing the complained of

---

[1] Some examples of factual assertions include whether errors were created by DSC's procedures, whether DSC's procedures were costly/tedious/repetitious, whether DSC paid all of its invoices, whether DSC refused to accept rebilling or bill corrections, whether other carriers had experienced problems with DSC, and whether other companies planned to take legal action.

3

statement fits into a *per se* category. Some courts have required plaintiffs to show that the statements are so obviously and naturally harmful to plaintiff's reputation that proof of injury can be done away with. *Management Servs. v. Health Management Sys.*, 907 F. Supp. 289, 293-94 (C.D. Ill. 1995); *See also Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 268 (7th Cir. 1983). However, other courts have either explicitly rejected this notion stating that this "additional hurdle... does not exist under Illinois law," *Republic Tobacco, L.P. v. N. Atl. Trading Co.*, 254 F. Supp. 2d 985, 1000 (N.D. Ill. 2002), or have failed to include this hurdle as a criterion. *Bryson*, 174 Ill. 2d 77 at 100.

While I tend to think that a sufficiency showing is not required, I need not decide that issue now. The statements here are so obviously and naturally hurtful that they easily meet the heightened requirement for sufficiently defamatory statements. Defendants sent an email, which was highly critical of DSC's ability to conduct its business, to one of DSC's largest and most important clients. Injury to DSC's reputation in this instance can be assumed.

## II. Commercial Disparagement

To state a claim for commercial disparagement, a plaintiff must allege that defendant made false and demeaning statements about the quality of plaintiff's goods or services. *Appraisers Coalition v. Appraisal Inst.*, 845 F. Supp. 592, 610 (N.D. Ill. 1994). *See Also Crinkley v. Dow Jones & Co.*, 385 N.E.2d 714, 719 (Ill. App. Ct. 1978)("defamation and commercial disparagement are separate and distinct torts"). As discussed above, the statements made in Bakhsh's email criticized DSC's business practices. Accordingly, DSC has stated a valid claim for commercial disparagement.

4

## III. Tortious Interference with Contract and Business Relationships

Defendants argue that both DSC's claims of tortious interference with contract and tortious interference with business relationships are improperly pled.[2] To state a claim for tortious interference with a business relationship, DSC must plead (1) a reasonable expectation of future business with a third party, (2) defendant's knowledge of the prospective business, (3) defendant's purposeful interference to prevent the expectancy from being fulfilled, and (4) resulting damage to the plaintiff. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (citing *Fellhauer v. Geneva*, 142 Ill. 2d 495 (1991)). In its complaint, DSC alleged a reasonable expectation of future business with Solo, knowledge by the Defendants of that business expectancy, interference in the form of the email, and damages. Therefore, I find DSC has properly alleged a complaint for tortious interference with a business relationship.

To state a claim for tortious interference with a contract, DSC must plead (1) a valid contractual relationship, (2) defendant's awareness of that contract, (3) intentional or unjustifiable action by the defendant to induce the other party to breach, (4) the other party's resulting contractual violation, and (5) damages. *Cook*, 141 F.3d 322 at 327 (citing *Lusher v. Becker Bros., Inc.*, 509 N.E.2d 444 (Ill. App. Ct. 1987)). DSC has alleged a contractual relationship with Solo, which was well known by the Defendants, however, DSC has not alleged that Solo was induced, by Bakhsh's email, to breach its contractual agreement. DSC states only that "Defendants know that DSC is currently involved in arbitration of a dispute with Solo under

---

[2]Defendants also challenge these claims on the grounds that Illinois law requires a defamatory statement for recovery. Since I have found that DSC has made a proper claim for defamation *per se*, I need not address that issue.

the Agreement." DSC does not allege that the arbitration is related to the email. For this reason, I find that DSC has not pled the required elements for tortious interference with a contract.

Defendants' Motion to Dismiss is DENIED as to DSC claims for defamation *per se*, commercial disparagement, and tortious interference with a business relationship and is GRANTED as to DSC's claim for tortious interference with a contract.

ENTER:

James B. Zagel
United States District Judge

DATE: 3 February 2004